Dear Mr. Ratcliff:
We are in receipt of your request for an Attorney General's opinion regarding a petition for a stock law election. Your request states that a group of parish residents recently submitted a petition requesting a stock law election and that the registrar of voters indicated that the petition fell short of the required number of signatures. Therefore, you have requested our opinion on the following question:
 May the residents start the entire petition procedure over or can they add to the signatures that they have already collected?
Your request refers us to Sections 1-05 and 6-01 of the Livingston Parish Home Rule Charter, which provide:
Section 1-05.
Special Powers.
 The parish government shall have the right, power and authority to pass all ordinances requisite or necessary to promote, protect and preserve the general welfare, safety, health, peace and good order of the parish, including, but not by way of limitation, the right power and authority to pass ordinances on all subject matters necessary, requisite or proper for the management of its affairs, and all other subject matter without exception, subject only to the limitation that the same shall not be inconsistent with the constitution or expressly denied by general law applicable to parish government.
Section 6-01.
Initiative and Referendum.
 The electors of the Livingston Parish government shall have the power, except as herein restricted, to propose to the council passage, amendment or repeal of ordinances and to vote on the question if the council refuses action. This power shall not extend to the proposing or repealing of ordinances making or reducing the appropriation of money, to the repeal or reduction of any taxes, or to changing the salaries of the government's officers or employees. The initiative power shall be exercised in the following manner:
* * *
 (3) . . . If the number of signatures is insufficient or the petition is deficient as to form or compliance with this section, the council shall notify the person or persons filing the petition of such sufficiency or deficiency and allow thirty (30) days for filing of additional papers, at the end of which time the sufficiency and correctness of the petition(s) shall be determined finally.
* * *
The real issue in this matter is whether a stock law election may be held pursuant to the initiative powers of a home rule charter or whether state law controls in this area of the law. For the foregoing reasons, it is our opinion that state law controls as to the petitioning of a stock law election.
It is our understanding that the Livingston Parish Home Rule Charter was adopted after the enactment of the 1974 Constitution. This fact is important when determining the powers of a home rule charter form of government. As discussed in detail in Cityof New Orleans v. Board of Commissioners of the Orleans LeveeDistrict, 93-0690 (La. 7/5/94), 640 So.2d 237, 241 "Local governmental autonomy or home rule is not a self-sufficient or absolute virtue." The drafters and ratifiers of the 1974 Louisiana Constitution adopted provisions granting both the power of initiation in regard to local affairs and the power of immunity from state regulation to local governments. However, these powers were separated by two distinct classes of home rule governments, (1) to preexisting home rule governments, and (2) to all other local governments. Livingston Parish falls into the second classification. Accordingly, Livingston Parish is granted the authority to exercise "home rule powers consistently with (the) constitution except when the exercise of such a power is denied by general law." Id. at 243. LSA-Const. Art. 6, §§ 4, 5, 7 (1974). In other words, a local governmental subdivision that acquires home rule powers subsequent to the adoption of the 1974 constitution, like Livingston Parish, is authorized to exercise initiative powers only when "necessary, requisite, or proper for the management of its affairs". LSA-Const. Art. 6, §§ 5(E), 7 (1974).
The question of regulating livestock on public highways is not one involving the structure, organization or management of a local governmental subdivision. Therefore, Livingston's authority to engage in such regulation is limited to a specific grant of authority by the legislature. The legislature of the State of Louisiana, in R.S. 3:3001 et seq., has granted to Livingston Parish the authority to conduct a local option election on the question of regulating livestock, but only to the extent specifically provided therein.
It is our opinion that the Livingston Parish Home Rule Charter's provisions on the initiative procedure are inconsistent with the state general law on stock law elections, R.S. 3:3001 et seq., and the state general law on elections, R.S. 18:1 et seq. For example, R.S. 3:3009 requires a livestock petition to be signed by 25% of the electors of the ward, whereas the charter only requires 10% of the total registered voters of the parish. Additionally, state law does not allow for a petition to be filed for verification of signatures and then supplemented if it does not contain a sufficient number of signatures for the calling of an election, whereas the charter allows such a procedure.
In sum, it is our opinion that the requirements for conducting a local election on the question of regulating livestock is governed by state law and the charter for Livingston Parish is inconsistent with said law, and therefore, must yield. In answer to your question, the residents are not allowed to re-circulate the petition to obtain additional signatures after the time period for obtaining signatures has lapsed, but they may start the process over as long as an election on the question has not been held within the last year.
If we can be of further assistance in this matter, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI/ARL/vlh
Date Received: September 11, 1996
Date Released: September 12, 1996
ANGIE ROGERS LaPLACE ASSISTANT ATTORNEY GENERAL